UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ANTHONY BRIAN MALLGREN,

                Plaintiff,

         v.

JOHN DOE CORPORATION,

                Defendant.

-------------------------------------------------------------X

**MEMORANDUM & ORDER**
13-CV-1265 (MKB)

MARGO K. BRODIE, United States District Judge:

On March 6, 2013, Plaintiff Anthony Brian Mallgren filed the above-captioned *pro se* action against Defendant "John Doe Corporation," alleging that he was falsely arrested while sitting in Defendant's lobby. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Complaint is dismissed for failure to state a claim upon which relief can be granted. Plaintiff is warned that the future filing of vexatious and frivolous litigation may result in sanctions, including limitations on filing.

## I. Background

According to the Complaint, Plaintiff was approached by a hotel employee in the lobby of an unidentified hotel in Seattle, Washington sometime in May, 2012, and asked to open his eyes. (Compl., Statement of Claim, ¶¶ 1-2, 10.) Plaintiff describes an ensuing discussion about his business in the hotel and the employee's civic duty and education level. (*Id.* ¶¶ 5, 7.) When the employee suggested calling the police, "Mallgren responded that that would be great." (*Id.* ¶ 6.) Plaintiff alleges that "Mallgren was grabbed by the arm and escorted down to a security office" and that the employee said that he would "knock the f--k out of Mallgren." (*Id.* ¶ 7.)

Plaintiff states that when the Seattle Police arrived, the officers initially refused to remove their sunglasses until after they had escorted him off of the premises. (*Id.* ¶ 8.) Plaintiff alleges that the officers said they would let him go with a verbal warning and stated, "Please do not go back to the property for a while." (*Id.* ¶ 9.)

Plaintiff alleges that this incident subsequently "appeared in a background check for a position that Mallgren was applying for." (*Id.* ¶ 10.) He states that he contacted the court and was told that "the prosecuting attorney thought they then had enough evidence to prosecute Mallgren for the alleged crime." (*Id.*) Plaintiff has not indicated whether or not he was prosecuted for this incident.

Plaintiff alleges that he was "fals[e]ly accused, arrested and detained without good cause" and that he "suffered the effects of defamation, fraudulent inducement, a violation of maintaining his stance and opinion of a single employee of the defendant and the ability of speaking this through body language to the rest of the people in view." (Compl., Injury.) He seeks unspecified damages and "removal of state proceedings" from Washington State "to federal jurisdiction." (Compl., Relief.)

Plaintiff has filed six civil actions in this Court between January 23, 2013 and March 16, 2013. The first action, *Mallgren v. Louis Vuitton North America, Inc. et al.*, No. 13 Civ. 416, was transferred to the United States District Court for the Central District of California, which court dismissed the case. No. 13 Civ. 706, slip op. (C.D.Cal. Feb. 12, 2013) (denying leave to file without the prepayment of fees pursuant to 28 U.S.C. § 1915(e)(2)(B)). Plaintiff's second action was dismissed in part, and Plaintiff was granted leave to amend his claim for false arrest related to prior incidents in New York City. *Mallgren v. New York City*, No. 13 Civ. 724, 2013 WL 816236 (E.D.N.Y. March 4, 2013). Plaintiff did not file an amended complaint. Instead,

Plaintiff filed a notice of appeal to the Court of Appeals for the Second Circuit, where the appeal remains pending. Two other subsequent actions are also now dismissed by this Court, and another remains pending. *See Mallgren v. Motion Recruitment Partners Inc., et al.*, No. 13 Civ. 1054 (dismissed for lack of subject matter jurisdiction); *Mallgren v. Bloomberg, et al.*, No. 13 Civ. 1466 (dismissed as frivolous and for failure to state a claim); *Mallgren v. Metropolitan Transportation Authority*, No. 13 Civ. 986 (pending).

Plaintiff has also filed multiple actions in the United States District Court for the Southern District of New York. *See Mallgren v. New York State Supreme Court*, No. 12 Civ. 7240, slip op. (S.D.N.Y. Nov. 13, 2012) (dismissed for lack of subject matter jurisdiction, for failure to state a claim upon which relief may be granted, and because the defendant is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Mallgren v. New York State Supreme Court, et al.*, No. 12 Civ. 7404, 2013 WL 586857 (S.D.N.Y. Feb. 11, 2013) (dismissed for failure to comply with filing requirements); *Mallgren v. Intellectual Ventures*, No. 12 Civ. 7447, slip op. (S.D.N.Y. Nov. 7, 2012) (dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Mallgren v. Microsoft, et al.*, No. 12 Civ. 7517 (S.D.N.Y.) (pending); *Mallgren v. New York Hospital*, No. 13 Civ. 1763 (pending).

On March 20, 2013, Plaintiff filed a "Motion for Emergency Injunctive Relief" in this and three other cases before this Court. The Motions, identical in each case, save for the docket number, seek:

> injunction [*sic*] relief, either for the staying of all effected [*sic*] proceedings (in New York State Courts, United States Courts of the Southern and Eastern District of New York and the Second Circuit of Appeals), the concerted transfer of jurisdiction/venue and leave to execute all current and future proceedings with original jurisdiction here, in the United States District Courts of Washington and the Ninth Circuit of Appeals, as well as an order allowing Mallgren, upon the wish of

> Mallgren, to return to the New York City shelter system . . . , with the
> option of future use of the benefits provided by Project Reconnect.

(Docket Entry No. 4 ("Mot. for Emer. Inj. Relief").) *See also Mallgren v. New York City*, No. 13 Civ. 724, Docket Entry No. 27 ("Motion for Emer. Inj. Relief"); *Mallgren v. Motion Recruitment Partners Inc., et al.*, No. 13 Civ. 1054, Docket Entry No. 4 ("Motion for Emer. Inj. Relief"); *Mallgren v. Metropolitan Transportation Authority*, No. 13 Civ. 986, Docket Entry No. 4 ("Mot. for Emer. Inj. Relief").

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an IFP action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

4

A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999) (inquiring into whether *pro se* plaintiff established subject matter jurisdiction); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 11 Civ. 5369, 2012 WL 1657362, at * 3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331 and § 1332. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### b. Failure to State a Claim

Plaintiff's Complaint is frivolous and fails to state a claim. The only factual allegations involve Plaintiff's discussion with a private security guard and Seattle police officers and his eventual ouster from the lobby of a private hotel located in Seattle. Plaintiff's claims for "defamation" and "fraudulent inducement" do not invoke any federal question. His allegations about a "violation of maintaining his stance" and "the ability of speaking . . . through body language" are nonsensical and frivolous. (Compl., Injury.) His request for "removal of state

proceedings" to federal court suggests no basis for removing a pending state criminal case to federal court.[1]

To the extent that Plaintiff invokes false arrest, a possible Fourth Amendment claim which may be cognizable under 42 U.S.C. § 1983, Plaintiff has failed to name a proper defendant. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted). The only named defendant, "John Doe Corporation," appears to refer to the unspecified hotel from which he was escorted. Plaintiff has not named any individual defendant "acting under color of state law" who could be held liable under § 1983. Accordingly, the Complaint fails to state a claim on which relief may be granted and is therefore dismissed.

### c. Motion for Emergency Injunctive Relief

Plaintiff's March 20, 2013 motion seeking emergency injunctive relief is denied for lack of jurisdiction and failure to state a claim. The motion explains Plaintiff's indecision about remaining in New York City or departing for Spokane, Washington, asks this Court to stay or transfer all of Plaintiff's pending litigation in this and other courts, and seeks an order providing

---

[1] Moreover, even if Plaintiff had a civil case that could be removed from state court to federal court, it would require removal to the United States District Court for the Western District of Washington.

future access to emergency housing and other benefits from the New York City Department of Homeless Services. (Docket Entry No. 4 ("Mot. for Emer. Inj. Relief").)

Plaintiff's request for a stay or transfer of all pending litigation is denied. Plaintiff has presented no grounds to stay the instant Complaint while he decides where to reside. The underlying Complaint is hereby dismissed for failure to state a claim. No change of venue will transform the Complaint into a viable civil action. Accordingly, the request for a stay of this action is denied. This Court does not have jurisdiction over Plaintiff's complaints in the New York State courts, in other federal district courts, or in the Court of Appeals. Any requests for a stay of those cases must be directed to the appropriate courts.

Plaintiff's request for an order allowing him access to emergency housing and Project Reconnect benefits is denied for failure to state a claim. Neither the United States Constitution nor any other federal law establishes a fundamental right to public housing or emergency shelter. *See, e.g., Lindsey v. Normet*, 405 U.S. 56, 74 (1972) (finding no "constitutional guarantee of access to dwellings of a particular quality"); *Acevedo v. Nassau County, New York*, 500 F.2d 1078, 1080–1081 (2d Cir. 1974) (finding no constitutional or statutory duty to provide low income housing); *Fair Hous. In Huntington Comm. v. Town of Huntington, NY*, No. 02 Civ. 2787, 2005 WL 675838, at *8 (E.D.N.Y. Mar. 23, 2005) ("Unfortunately for Plaintiffs, there is no constitutional or statutory duty to provide low income housing, nor is there a constitutional guarantee of access to dwellings of a particular quality." (quoting *Acevedo*, 500 F.2d at 1080–81) (internal quotation marks omitted)), *on reconsideration in part*, 2005 WL 3184273 (E.D.N.Y. Nov. 29, 2005). Plaintiff has not alleged that he faces discrimination or disparate treatment that could serve as the basis for a claim that could be cognizable under the Civil Rights Act, 42 U.S.C. § 1983, or the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. Accordingly, his request for a

guarantee of future housing to be provided by the City of New York fails to state a claim upon which relief may be granted.

### d. Frequent Frivolous Litigation

Of the six cases Plaintiff has filed in this Court between January 23, 2013 and March 16, 2013, three have now been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) or for lack of subject matter jurisdiction. The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). Plaintiff is warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); *see also Amaker v. Haponik*, 125 F. App'x 375, 376 (2d Cir. 2005) (warning plaintiff that "filing of frivolous appeals . . . may result in the imposition of leave-to-file sanctions," as "[s]uch a measure is appropriately applied to those litigants who have a 'clear pattern of abusing the litigation process by filing vexatious and frivolous complaints'" (quoting *In re Sassower*, 20 F.3d at 44)); *In re Knows*, No. 12 Civ. 1908, 2012 WL 2923317, at *2 (E.D.N.Y. July 18, 2012) (putting plaintiff "on notice that any future filing of vexatious or

frivolous complaints with the court may lead the court to impose an injunction prohibiting her from filing a complaint without the court's prior authorization" (citing *In re Sassower*, 20 F.3d at 44)).

## III. Conclusion

The allegations contained in the Complaint are frivolous and fail to state a claim on which relief may be granted. Accordingly, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's "Motion for Emergency Injunctive Relief" is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Margo K. Brodie

MARGO K. BRODIE
United States District Judge

Dated: Brooklyn, New York
       May 2, 2013